## MILLER v. WHITE.

1. Where a sealed note signed by two obligors was in form following: "On or before November 1, 1883, we or either of us promise to pay D. E. Miller, or order (for rent of farm), two hundred and fourteen dollars"—the note was an obligation to pay in money, and the obligee might sue the surety thereon without pursuing the principal debtor.
2. If the note was a rent note, then it was the lease of both obligors, and neither of them was a surety.
3. Notice by the surety to the obligee to seize the principal debtor's crop did not release the surety as (1) the obligee was not bound to take anything but money in payment of the note; (2) it did not appear that the crop was sufficient to discharge the debt; and (3) the landlord's right to seize a crop is not compulsory, and in this case the facts would not have authorized a warrant of seizure to issue.

Before FRASER, J., Darlington, October, 1885.

The facts of this case are fully stated in the opinion.   The judge made the charge and refused the requests quoted in the exceptions.

*Messrs. Boyd, Nettles & Brunson*, for appellant.

*Mr. J. P. McNeill*, contra.

July 12, 1886.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   This was an action on a note as

follows: "On or by the first day of November, 1883, we or either of us promise to pay D. E. Miller or order (for rent of Mt. Hope Cemetery farm, for the year ending December 30th, 1883), two hundred and fourteen dollars, without interest until maturity. Witness our hands and seals at Florence, S. C.    (Signed) J. M. White [l. s.], Thomas Ellis [l. s.]."    Both the signers were sued.    White made no defence, but Ellis answered, claiming that he had no ·interest in the land leased to White; that he was merely his surety on the note, and was· discharged from liability by the conduct of the plaintiff creditor; that White made a crop on the premises, and that when the note became due he (Ellis) made demand on plaintiff that he should at once enforce his statutory lien on the crop and thereby obtain payment of the note, but that plaintiff refused to enforce his lien; that the crop was valuable and the plaintiff could have obtained payment, and not having done so, that he (Ellis) was discharged and no longer liable.

The plaintiff had a verdict for the amount of the note; and Ellis, having failed to obtain a new trial appeals to this court upon the following exceptions: "I. Because his honor erred in charging the jury that 'a demand made by the surety to a tenant, on the landlord, to enforce the statutory lien will not release the surety unless it is accompanied with or the landlord has information that the tenant is about to dispose of his crop or in some other way defeat the lien.    Without this the landlord is not in a position to enforce the statutory lien by the usual warrant from the clerk.'    II. Because his honor erred in refusing the request to charge that 'if Ellis was the surety .of White and this was known to Miller, and if Miller was required by Ellis to enforce his statutory lien for rent on the crop upon the leased land, and refused so to do, and this omission resulted in injury to Ellis, then Ellis is discharged from his liability on the note.'    III. Because his honor erred in refusing the request to charge that 'if White told Miller to take any part of his crop in payment, and Miller declined to take it, Ellis is discharged *pro tanto* the value of the crop he was so told to take and refused.'    IV. Because his honor erred in refusing a new trial on the grounds above stated," &c.

The instrument sued on was signed by both of the defendants, and its terms are, "We, or either of us," and must be regarded as the undertaking of both the obligors, whether considered as a simple single bill, or a covenant for the payment of so much as rent for the farm; and in either case the promise was to pay so much money and nothing else. We incline to think that the instrument, notwithstanding the phrase as to rent inserted in the parenthesis, was a simple single bill for the payment of so much money. So considered, and assuming that Ellis was merely surety for White, it is perfectly clear that the plaintiff was under no obligation to take anything in payment but money; that was the express contract of the parties, and that the plaintiff was entitled to receive. So far as the creditor is concerned, both the principal and surety are his debtors, he took no other security from either than that personal obligation, and he might sue the surety without pursuing the principal. "To discharge a surety, it is necessary that the creditor should do some positive act which has that effect, and not merely that he should be passive; or that he should omit some duty to the surety, which he was bound to perform." *Jackson* v. *Patrick*, 10 *S. C.*, 197.

But it is urged that the parenthesis inserted in the note, indicating the consideration, made it a rent obligation for the rent of the cemetery farm. If so, was it not, as expressly declared, the lease of both? We do not clearly see by what principle or authority one of the signers can claim to be the principal and the other only surety. If, however, Ellis is still entitled to be considered as surety on the obligation as a rent note, we fail to see that the creditor owed him as such any duty to seize the property of White under an agricultural lien. We think there are several reasons why it was not his duty to do so:

1. His express contract was that he should have his rent in money; the surety as well as the principal so engaged, and he is not bound to take it in anything else. He may have required personal security for the rent for the very purpose of avoiding the necessity of seizing the crop, and in that case the note was the primary security.

2. The demand that the creditor should seize the crop, could not possibly be regarded as payment or tender either of the whole

or *pro tanto*, for it did not appear that the whole crop available would have discharged the whole debt. "Nothing short of an offer fully to perform the contract, evinced by a tender of everything the plaintiff is entitled to, is sufficient." *Baker* v. *Gasque & Rowell*, 3 *Strob.*, 25.

3. We do not understand that the right of a landlord under the law to seize the crop of his tenant under an agricultural lien is compulsory, so that the tenant or his surety may demand that the right shall be exercised. The law gives him that as well as other remedies to secure payment. It is his privilege in a proper case, but if he does not choose to exercise it, we do not see that the validity of the rent obligation, either against the principal or his surety, should be thereby affected. But in addition, it did not appear that the proper case existed and that the plaintiff could have made the showing necessary to obtain an agricultural warrant. The right only exists in a certain state of facts. *Kennedy* v. *Reames*, 15 *S. C.*, 552; *Sullivan* v. *Ellison*, 20 *S. C.*, 484.

If the defendant, Ellis, wished to save himself from loss on the note, he might have paid it, and possibly claimed to be reimbursed out of the crop. But be that as it may, we cannot hold that the Circuit Judge committed error as charged.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.